IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 04-126-EJL-MHW |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| PLACER MINING CORP., d/b/a New Bunker Hill Mining Co., and ROBERT HOPPER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court for its consideration is Defendants' motion to file a Second Amended Answer, entitled Motion for Leave to Amend First Amended Answer to First Amended Complaint (Docket No. 40), filed September 21, 2006. Having reviewed all briefing submitted and having heard oral arguments, the Court makes its Report and Recommendation as follows.

## REPORT

### I.
### Background

Plaintiff United States of America ("Plaintiff") filed this lawsuit on March 17, 2004, against Defendants Placer Mining Corp. ("Placer Mining") d/b/a New Bunker Hill Mining Company ("NBHMC") and Robert Hopper ("Hopper"), owner of NBHMC, (collectively,

**Report and Recommendation - Page 1**

"Defendants") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*, for injunctive relief, penalties, and reimbursement of costs incurred and to be incurred by the Plaintiff in response to the releases and threatened releases of hazardous substances into the environment from the Bunker Hill site located in Kellogg, Idaho.  Plaintiff alleges that the Bunker Hill Mine, once one of the world's largest lead and zinc mines, discharges highly contaminated water known as acid mine drainage ("AMD") and Plaintiff has incurred at least $15 million in "response costs."

## II.
## Motion to Amend

On March 19, 2004, Plaintiff filed its First Amended Complaint.  On May 25, 2004, Defendants' Answer was filed.  With new counsel, Defendants moved for leave to file an amended answer which was granted by this Court and the First Amended Answer was filed on February 8, 2006.  On September 21, 2006, Defendants, pursuant to Fed. R. Civ. P. 15(a) moved again for leave to amend/correct their answer to clarify and supplement the legal theories supporting their existing counterclaims.  Defendants urge they are not alleging new facts but instead are supplementing and clarifying legal theories based on the same essential facts as those contained in the original answer and counterclaim.  Defendants have added language referring to the waiver of sovereign immunity under CERCLA sections 120 and 107(a) and the Federal Tort Claims Act ("FTCA") in the proposed Second Amended Answer.  Defendants also maintain they seek to clarify that their claims under CERCLA and FTCA are based on the negligence or gross negligence of Plaintiff.

Plaintiff does not oppose the amendment of counterclaims under CERCLA as the only proposed amendment to those counterclaims appears to be the allegation of a purported waiver

**Report and Recommendation - Page 2**

of sovereign immunity under CERCLA.  Plaintiff opposes the motion to amend the FTCA counterclaim[1] on the grounds that (1) any claim under FTCA is preempted by CERCLA and (2) barred due to Defendants' failure to first file an administrative claim with the appropriate federal agency.

Plaintiff argues that the Motion for Leave to Amend should be denied because amendment is futile as the amended counterclaims would fail as a matter of law due to the lack of subject matter jurisdiction.  Plaintiff urges that the proposed FTCA counterclaims are preempted by CERCLA because state law tort claims, which provide the substantive law in all FTCA actions, are preempted by arrangements established by Congress in CERCLA.  In the alternative, Plaintiff argues that the Court would still lack subject matter jurisdiction over these proposed counterclaims because Defendants failed to exhaust their administrative remedies as required by FTCA.

Fed. R. Civ. P. 15(a) allows a party to amend his pleading at any time by leave of court and such leave "shall be freely given when justice so requires."  *See Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995).  The Ninth Circuit has stated that in assessing the propriety of a motion to amend, it will consider five factors:  "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [pleadings]."  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).  Futility alone can be enough to deny a motion for leave to amend.  *Id*.  In *Bonin v. Calderon*, the Ninth Circuit found the "proffered amendments would be nothing more than an exercise in futility."  59 F.3d 815,

---

[1] This proposed counterclaim states, in pertinent part: "In addition to liability under CERCLA, plaintiff is liable to defendants because, during the course of conducting work at the Bunker Hill site, plaintiff has wrongfully and negligently damaged, destroyed or taken property belonging to defendants...These activities constitute negligence, exposing plaintiff to liability under the Federal Tort Claims Act."

**Report and Recommendation - Page 3**

845 (9th Cir. 1995).  That court also noted that the district court did not abuse its discretion in denying the motion to amend because the moving party presented "no new facts but only new theories and provide[d] no satisfactory explanation for his failure to fully develop his contentions originally."  *Id.*[2]

### A.     CERCLA Preemption

There are three types of federal preemption: (1) Express preemption where the statute contains explicit pre-emptive language; (2) Field preemption where the scheme of federal regulation is so pervasive as to make a reasonable inference that Congress left no room for the States to supplement it; and (3) Conflict preemption where compliance with both federal and state regulations is a physical impossibility or state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.  *Gade v. Nat'l Solid Waste Mgmt. Ass'n*, 505 U.S. 88 (1992).

It has been held that CERCLA does not expressly preempt state law.  *Bedford Affiliates v. Sills*, 156 F.3d 416, 426 (2nd Cir. 1998).  As to field preemption, CERCLA contains three separate savings clauses.  42 U.S.C. § 9614(a) states: "Nothing in this chapter shall be construed or interpreted as preempting any State from imposing any additional liability or requirements with respect to the release of hazardous substances within such State."  42 U.S.C. § 9652(d) declares: "Nothing in this chapter shall affect or modify in any way the obligations or liabilities of any person under other Federal or State law, including common law, with respect to releases of hazardous substances or other pollutants or contaminants..."  Lastly, 42 U.S.C. § 9659(h) states: "This chapter does not affect or otherwise impair the rights of any person under Federal,

---

[2]  The Court notes that leave to amend has already been granted once in this case to Defendants and that Defendants' proposed Second Amended Answer does not allege new facts but only addresses new legal theories.

**Report and Recommendation - Page 4**

State, or common law, except with respect to the timing of review as provided in section 9613(h) of this title or as otherwise provided in section 9658 of this title (relating to actions under State law)." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 940 (9th Cir. 2002). The Ninth Circuit has additionally stated that "CERCLA does not completely occupy the field of environmental regulation." *ARCO Envtl. Remediation LLC v. Dep't Health and Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).

The Plaintiff in this case argues that the introduction of "common law tort actions into CERCLA cases would clearly conflict with CERCLA's contribution scheme," which is codified at 42 U.S.C. § 9613(f) and states: "Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a)...[s]uch claims shall be brought in accordance with this section...and shall be governed by Federal law."  It also states, "[i]n resolving contribution claims, the court may allocate response costs among liable parties using equitable factors as the court determines appropriate..."  Plaintiff argues that the introduction of tort rationales for the assignment of liability would interfere with the CERCLA settlement system (42 U.S.C. § 9613(f)(2)), and as such, private party tort claims are preempted by the comprehensive adjudication scheme of CERCLA.

As stated above, conflict preemption occurs when state law is an obstacle to the accomplishment of the purposes and objectives of Congress.  CERCLA is best known as setting forth a comprehensive mechanism to cleanup hazardous waste sites under a restoration-based approach.  *See United States v. Bestfoods*, 524 U.S. 51, 55 (1998).  CERCLA's principal aims are to effectuate the cleanup of hazardous waste sites and impose cleanup costs on responsible parties.  *See Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996).

The purpose behind 42 U.S.C. § 9613(f) was to employ incentives for potentially responsible parties ("PRPs") to settle and strong disincentives for non-settling PRPs. *Bedford Affiliates v. Sills*, 156 F.3d 416, 427 (2d Cir. 1998). Potentially responsible parties who choose to settle gain protection from contribution, enjoy potentially favorable settlement terms, and retain the ability to seek contribution from other defendants. Those responsible parties who choose not to settle are barred from seeking contribution from the settling parties and thereby face potentially disproportionate liability. *Id*.

Many of the courts that have held that CERCLA preempts state law, have done so in the context of parties bringing state contribution, indemnification or restitution claims. *See id*. (finding that the institution of common law restitution and indemnification actions would bypass the settlement system created by 42 U.S.C. § 9613(f) and cause an actual conflict between CERCLA and state common law causes of action); *PMC, Inc. v. Sherwin Williams Co.*, 151 F.3d 610 (7th Cir. 1998) (noting that plaintiff's invocation of a state contribution statute was an attempt to nullify the sanction that Congress imposed for the kind of CERCLA violation that plaintiff committed); *Matter of Reading Co.*, 115 F.3d 1111 (3d Cir. 1997) (finding that CERCLA preempted a party's common law theories of contribution and restitution because of the state law remedies obstructed the intent of Congress); *Coeur d'Alene Tribe v. Asarco Inc.*, 2001 WL 34139603 (D. Idaho 2001) ("[i]t appears to the Court that CERCLA provides for contribution claims and that CERCLA would preempt a state law challenge for contribution."); *and M&M Realty Co. v. Eberton Terminal Corp.*, 977 F. Supp. 683 (M.D. Pa.1997) (finding that common law claims for contribution, restitution and indemnification were all preempted by CERCLA.)

**Report and Recommendation - Page 6**

Defendant's counterclaim for negligence under the FTCA is distinguishable from the cases above because those addressed claims of contribution, indemnification and restitution. A negligence claim for property damage is distinct from a contribution or indemnification claim. Additionally, Plaintiff has not demonstrated conflict preemption here. Defendant's negligence claim does not disrupt the objectives of CERCLA, as compared to the way a contribution claim disrupts the purpose behind the CERLCA provision addressing settlement and contribution. Plaintiff has not shown how Defendant's negligence counterclaim specifically disrupts CERCLA's objectives nor does the Court find any disruption. Accordingly, the Court finds that CERCLA does not preempt Defendant's counterclaim for negligence under FTCA.

### B.     FTCA - Exhaustion of Administrative Remedies

28 U.S.C. § 2675(a) states that a party cannot sue the United States unless they have first presented their claim to the appropriate federal agency. However, the statute also states that this "exhaustion" requirement does not apply to third party complaints, cross-claims or counterclaims. Courts have interpreted counterclaims in this context to mean only *compulsory* counterclaims. *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986). A compulsory counterclaim is defined as arising out "of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). In contrast, a permissive counterclaim is one that does not arise out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(b).

The question here is whether the Defendants' counterclaim is compulsory. Defendants' counterclaim under the FTCA states that Plaintiff was negligent in construction of a concrete

structure, removal of significant amounts of valuable material, causing cave-ins and destroying mine portals, and constructing fences and gates excluding defendants from property it owned.

There are cases that have found tort counterclaims in a CERCLA lawsuit to be compulsory and cases that have found them to be permissive.  In *United States v. Green*, the United States sued under CERCLA to recover response costs and defendants asserted a counterclaim against the United States claiming grossly negligent mismanagement of the site in connection with removal and cleanup operations which resulted in property damage and conversion of assets.  33 F. Supp. 2d 203, 209-10 (W.D.N.Y. 1998).  The court in that case found the claim to be permissive rather than compulsory because the "relationship between the acts underlying the need for remediation and the conduct of such cleanup activity is too attenuated to demonstrate that the counterclaims are compulsory."  *Id*. at 220.  However, in *United States v. Amtreco, Inc.*, where the defendants counterclaimed in a CERCLA lawsuit and sought compensation for conversion and property damages caused by plaintiff during the cleanup, the court found that these counterclaims were compulsory because they were "logically related to the government's claim for cleanup costs...[a]ll of the claims arise from the same occurrence - the cleanup operation of the site."  790 F. Supp. 1576, 1580 (M.D. Ga. 1992).

The Court finds the reasoning of *United States v. Green* more persuasive and finds Defendants' FTCA counterclaim to be permissive.  The CERCLA claim involves enforcing the statutory policy of the United States whereas the counterclaim is a tort action in negligence.  The United States' claim under CERCLA addresses who is responsible for the release of hazardous substances during a specific time period and the Defendants' FTCA claim addresses actions that occurred during the clean-up process, *after* the release that led to the CERCLA action had

**Report and Recommendation - Page 8**

occurred. The two claims lack an identity of facts and consequently lack mutuality of proof. The claims focus on different time periods and events and there is an attenuated relationship between these events and when they occurred. As these two claims do not address the same factual events and issues, the two claims are not so logically related that it should be mandated that they be resolved in the same lawsuit. Accordingly, the Court finds that Defendants' counterclaim is permissive and Defendants must first exhaust their administrative remedies before pursuing the claim in federal court. As Defendants have not first brought this claim before the appropriate federal agency, amendment of Defendants' First Amended Answer would be futile because this claim can not properly be brought before the Court at this time.

## RECOMMENDATION

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1) Defendants' Motion for Leave to Amend First Amended Answer to First Amended Complaint (Docket No. 40), filed September 21, 2006, be **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court recommends that Defendants be granted leave to amend their First Amended Answer to include the counterclaims asserted under CERCLA that are unopposed by Plaintiff, but that Defendanst be denied leave to amend their First Amended Answer to include counterclaims asserted under FTCA.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

**Report and Recommendation - Page 9**



DATED: February 16, 2007

/s/ Mikel H. Williams

Honorable Mikel H. Williams
United States Magistrate Judge

**Report and Recommendation - Page 10**