UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PLACER MINING CORP. (dba New Bunker )<br>Hill Mining Co.) and ROBERT HOPPER, )<br>)<br>)<br>Defendants. | No. CV 04-126-N-EJL<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

On February 16, 2007, United States Magistrate Judge Mikel H. Williams issued his Report and Recommendation (Docket No. 55) in this matter. Pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho Loc. Civ. R. 72.1, the parties had ten days in which to file written objections to the Report and Recommendation. On March 5, 2007, the Defendants their objection to the Report and Recommendation. The United States filed a response to the objection on March 19, 2007. The matter is now ripe for this Court's consideration.

Pursuant to 28 U.S.C. § 636(b)(1), this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b).

The Court adopts the general factual background of the case set forth in the Report and Recommendation, pp. 1-2:

> Plaintiff United States of America ("Plaintiff") filed this lawsuit on March 17, 2004, against Defendants Placer Mining Corp. ("Placer Mining") d/b/a New Bunker Hill Mining Company ("NBHMC") and Robert Hopper ("Hopper"), owner of NBHMC, (collectively, "Defendants") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.*,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

>for injunctive relief, penalties, and reimbursement of costs incurred and to be incurred by the Plaintiff in response to the releases and threatened releases of hazardous substances into the environment from the Bunker Hill site located in Kellogg, Idaho. Plaintiff alleges that the Bunker Hill Mine, once one of the world's largest lead and zinc mines, discharges highly contaminated water known as acid mine drainage ("AMD") and Plaintiff has incurred at least $15 million in "response costs."

In the Report and Recommendation, Magistrate Judge Williams recommends that Defendants' Motion for Leave to Amend First Amended Answer (Docket No. 40) be granted in part to allow the counterclaims asserted under CERCLA that are unopposed by Plaintiff, but also denied in part as to Defendants' request to amend to allow a counterclaim under the Federal Tort Claims Act ("FTCA"). Defendants object to the denial of their proposed counterclaim under the FTCA claiming such counterclaim is compulsory and the Defendants should be granted leave to amend.

Defendants' proposed counterclaim for negligence under the Federal Tort Claims Act ("FTCA") asserts "Plaintiff was negligent in construction of a concrete structure, removal of significant amounts of valuable material, causing cave-ins and destroying mine portals, and constructing fences and gates excluding defendants from property it owned." Report and Recommendation at pp. 7-8. A counterclaim for negligence is distinguishable from counterclaims under state law for contribution, indemnification and restitution which are preempted by CERCLA. The Magistrate Judge determined, and this Court agrees, that a negligence claim for property damage can be distinct from a contribution or indemnification claim. However, negligence counterclaims against the United States are actionable only under the FTCA

Under the FTCA, a party must file a notice of tort claim with the federal agency against whom the claim is brought before proceeding to federal court. However, the administrative claim pre-requisite does not apply to compulsory

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

counterclaims.  28 U.S.C. § 2675(a); Spawr v. United States, 796 F.2d 279, 281 (9th Cir. 1986).  Judge Williams determined the proposed counterclaim was permissive and therefore subject to the administrative exhaustion requirements of 28 U.S.C. § 2675(a).  Since the administrative claim pre-requisite is jurisdictional,[1] it cannot be waived and Judge Williams recommended the proposed permissive counterclaim amendment be denied.  The issue raised in the objection is whether the proposed counterclaim in this case is compulsory.

Compulsory counterclaims are defined in Fed. R. Civ. P. 13(a) which provides in part:

> Compulsory Counterclaims.  A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Permissive counterclaims are defined in Rule 13(b):

> Permissive Counterclaims.  A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Defendants correctly state that the Ninth Circuit applies the "'logical relationship' test to determine whether two claims arise out of the same 'transaction or occurrence.'"  Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987) (applying Arizona law but stating Arizona law uses the same test as federal courts).  "This flexible approach to Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be

---

[1] See House v. Mine Safety Appliances Co., 573 F. 2d 609 (9th Cir. 1978).

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

resolved in one lawsuit." <u>Harris v. Steinem</u>, 571 F. 2d 119, 123 (2d Cir. 1978) (also quoted in <u>Pochiro</u>).

Defendants argue the proposed counterclaim for negligence is compulsory as it arises out of the same set of facts upon which Plaintiff relies for its claims and there is a "logical relationship" between the facts of the Plaintiff's claims and the negligence counterclaim.  The United States argues the limited waiver of sovereign immunity in the FTCA administrative scheme must be strictly construed and the Magistrate Judge properly determined the negligence counterclaim was permissive.

There is very little case law regarding negligence counterclaims and CERCLA actions.  Judge Williams analyzed in detail the reasoning in two cases which reached different conclusions on the nature of certain negligence counterclaims:  <u>United States v. Green</u>, 33 F. Supp. 2d 203 (W.D.N.Y. 1998) and <u>United States v. Amtreco, Inc.</u>, 790 F. Supp. 1576 (M.D. Ga. 1992).  While neither case is binding on this Court, the Court finds the  <u>Green</u> case analysis more persuasive and appropriate to analogize to the facts in the case at bar.

The FTCA is a waiver of sovereign immunity and the administrative scheme in § 2675  must be strictly applied.  The logical relationship test of compulsory counterclaims is "whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  <u>Adam v. Jacobs</u>,  950 F.2d 89, 92 (2d Cir. 1991).  The factors considered indicators of the compulsory nature of a claim are: "(1) identity of the facts between the original claims and counterclaim; (2) mutuality of proof; (3) logical relationship between original claim and counterclaim."  <u>Federamn v. Empire Fire and Marine Insurance Co.</u>, 597 F.2d 798, 812 (2d Cir. 1979).

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

Plaintiff in this case needs to establish the elements of a response costs claim under CERCLA:[2]

1)   each mining-related property owned and operated by a defendant is a "facility;"

2)   a "release" or "threatened release" of a "hazardous substance" from the facility has occurred;

3)   the release or threatened release has caused the United States to incur response costs; and

4)   Defendants fall within at least one of the four classes of responsible parties described in § 9607(a).[3]

Plaintiff's claims relate to determining the amount of the clean up costs as well as who are responsible for releasing hazardous substances a the Bunker Hill site. The Court agrees that the claims of negligence will be based on state law and factual inquiries involving the alleged negligence of the EPA and its agents during the remediation and clean up of the Bunker Hill site in Kellogg, Idaho. Specifically, Defendants claim the Plaintiff negligently damaged, destroyed or took property of

---

[2] 42 U.S.C. § 9607(a), <u>Cose v. Getty Oil Co.</u>, 4 F.3d 700, 703-04 (9th Cir. 1993).

[3] Responsible parties are defined as:
(1) the owner and operator of a vessel or a facility, (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable . . . . 42 U.S.C. § 9607(a).

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

the Defendants. These alleged negligent activities occurred after the events which form the basis for Plaintiff's CERCLA cost recovery claim. Like <u>Green</u>, "the acts underlying the need for remediation and the conduct of such cleanup activity is too attenuated to demonstrate that the counterclaims are compulsory." <u>Green</u> at 220. A counterclaim is not compulsory where the factual basis for the counterclaim concerns primarily events subsequent to the original complaint. Here, the counterclaim could not have been alleged when the original CERCLA cleanup action commenced as the events out of which the counterclaim accrues had not yet occurred. Moreover, Defendants could have independently filed their counterclaim even if Plaintiff had never filed its cost recovery action.

As Judge Williams stated, "[t]he CERCLA claim involves enforcing the statutory policy of the United States while the counterclaim is a tort action in negligence." Report and Recommendation, p. 8. The Court finds a lack of identity between the facts of CERCLA claims and the negligence counterclaim; there is a very minimal, if any, mutuality of proof and the claims of the parties are not so logically related that is should be mandated that the two theories of recovery are resolved in the same lawsuit. While Defendants may have a valid counterclaim, this Court finds it is a permissive one and subject to the administrative exhaustion requirements of § 2675.

### Order

Because the Court finds the report and recommendation of Judge Williams to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Williams. Acting on the recommendation of Judge Williams, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:

Defendants' Motion for Leave to Amend First Amended Answer (Docket No. 40) is GRANTED IN PART to allow the counterclaims asserted under CERCLA that are unopposed by Plaintiff, but also DENIED IN PART as to Defendants' request to amend to allow a counterclaim under the FTCA to add a negligence claim.

DATED:  **May 30, 2007**

_/s/ Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge